IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANN J. SPANGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-1394 |
| | ) |
| MODERNE GLASS COMPANY, INC., THOMAS J. MCKNIGHT, JOHN BAILEY, and JIM DEVINE, | ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff sued her employer for disability and age discrimination as well as for intentional infliction of emotional distress following her termination of employment. The employer and individual defendants seek dismissal of the disability claim on the basis of failure to exhaust administrative remedies; of the disability and age claims against the individual defendants on the basis that those statutes do not allow for the imposition of individual liability; and of the intentional infliction of emotional distress claim for myriad reasons. While I agree that individual liability is inappropriate under the ADA and the ADEA, and that the claim for intentional infliction of emotional distress is fatally flawed, I find that resolution of the exhaustion argument premature.

## OPINION

Plaintiff Joann Spangler ("Spangler") worked at Defendant Moderne Glass Company, Inc. ("Moderne") for approximately six years before being terminated in what she describes as a pretextual layoff. The layoff occurred two years after Spangler was rendered unconscious following an aneurysm. Though Spangler returned to work following the aneurysm, she claims that Moderne placed her in a different position because it believed her to be disabled. Consequently, she asserts claims for violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. and of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, as well as a claim for intentional infliction of emotional distress against Moderne, its owner and CEO Thomas McKnight, its plant manager John Bailey and its department head Jim Devine.

The Defendants have filed a Partial Motion to Dismiss. See Docket No. 14. Believing that Spangler failed to exhaust her administrative remedies with respect to the ADA claim, the Defendants seek the dismissal of that claim. The Individual Defendants also seek the dismissal of the ADA and the ADEA claims on the independent grounds that those statutes do not allow for individual liability. Finally, all Defendants seek the dismissal of the claim for intentional infliction of emotional distress. After careful consideration, and for the reasons set forth below, I find that the Motion is premature with respect to the dismissal of the ADA claim against Moderne, but that the ADEA and ADA claims asserted against the Individual Defendants should be dismissed, as should the claim for intentional infliction of

emotional distress.

## Standard of Review

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

**Analysis**

I. Count I - The ADA Claim - Failure to Exhaust

There appears to be no dispute that the formal charge Spangler filed with the EEOC referenced discrimination on the basis of both "sex" and "age," but not "disability." See Docket No. 15-2. This failure is not, however, fatal to her claim. Instead, to determine whether Spangler exhausted her administrative remedies, and consequently whether I have jurisdiction to entertain her ADA claim, I must determine "whether the acts alleged in the subsequent ... suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984). In other words, I must determine whether her claim of disability discrimination is fairly within the scope of her claims of sex and age discrimination.

At a motion to dismiss stage, this assessment must be made in light of whether Spangler could prove any set of facts which would entitle her to relief. Bearing this standard in mind, I find that dismissal is unwarranted. I do not have the EEOC investigatory file before me. I cannot determine precisely what the EEOC investigated as a result of Spangler's filing. I can see that in issuing its Right to Sue Notice, the EEOC referenced the "Americans With Disabilities Act." See Exhibit A to Complaint. This would suggest to me that, as Spangler argues, her complaint of disability discrimination was fairly within the scope of the EEOC investigation. I notice as well that Spangler tendered to the EEOC a specific ADA intake questionnaire in which she specifically alleged disability discrimination. See Docket

4

No. 15-2. Again, this could suggest that the EEOC investigation encompassed Spangler's complaints of disability discrimination.

Accordingly, I will deny the Motion to Dismiss Spangler's ADA claim. Following the conclusion of discovery, the Defendants may again raise the exhaustion argument. At that time, the record of what the EEOC investigation actually encompassed will be available for my review and I will better be able to assess whether Spangler's ADA claim was fairly within the scope of the EEOC complaint. Thus, the Motion to Dismiss the ADA claim based upon failure to exhaust administrative remedies is denied without prejudice.

II. Counts I and II - The ADA and The ADEA Claims - Individual Liability

In Counts I and II of the Complaint, Spangler seeks to hold the Individual Defendants liable under the ADA and the ADEA. The Individual Defendants seek the dismissal of these claims, urging that individual liability is unavailable under those statutes. Significantly, Spangler concedes that the Third Circuit court has held that individual employees are not liable under Title VII, see Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061 (3d Cir. 1996), and although she does not cite to any decisions within the Third Circuit permitting the imposition of individual liability under the ADEA or the ADA, she urges the denial of the dismissal of these claims.

While the Third Circuit court has not yet expressed its view on whether individual liability is available under the ADA or the ADEA, I will follow the consensus view of other courts within this Circuit who have declined to find that individual employees should be held liable for violations of these statutes See Wilson v.

Children's Museum of Pittsburgh, Civ. No. 5-1748, 2006 WL 1310512 at * 2 (W.D. Pa. May 12, 2006), citing, Fullman v. Philadelphia International Airport, 49 F. Supp.2d 434, 441 (E.D. Pa. 1999); Brannaka v. Bergey's, Inc., 1998 WL 195660 (E.D. Pa. March 30, 1998); Saylor v. Ridge, 989 F. Supp. 680, 688 (E.D. Pa. 1998); Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp.2d 491, 496 (M.D. Pa. 2005); and Acevedo v. Monsignor Donovan High School, 420 F. Supp.2d 337, 344-45 (D. N.J. 2006). Consequently, the Motion to Dismiss Counts I and II as against the Individual Defendants is granted.

III. Count III - Intentional Infliction of Emotional Distress

In Count III, Spangler contends that the conduct perpetrated by the Defendants was intended to, and had the effect of, causing her to suffer emotional distress. The Defendants contend that Spangler's claim of intentional infliction of emotional distress is fatally flawed for myriad reasons.[1] I agree.

First, as the Defendants urge, Spangler's claim is barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act, 77 P.S. § 1 *et seq*. See Wilson v. Children's Museum of Pittsburgh, Civ. No. 5-1748, 2006 WL 2529595 at * 8 (W.D. Pa. Aug. 31, 2006), citing, Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997). Second, Spangler's claim fails because she has not alleged that she suffered a physical injury in connection with her severe emotional distress. See Rolla v. Westmoreland Health System, 438 Pa. Super. 33, 38, 651 A.2d 160, 163 (1994) and Martin v. Comunale, Civ. No. 3-6793, 2006 WL 208645 at * 12 (E.D. Pa. Jan.

---

[1] While Defendants urge that Spangler's failure to specifically assert jurisdiction over the intentional infliction of emotional distress claim warrants dismissal, I find this allegation unpersuasive, as I clearly have supplemental jurisdiction over the claim under 28 U.S.C. § 1367.

6

18, 2006). Third, and most significantly, Spangler has not alleged conduct which is extreme and outrageous in character. She has alleged that she was discriminated against based upon a perceived disability, and then fired on the basis of the perceived disability and her age. This is not conduct which, if believed, goes "beyond all possible bounds of decency, ... [so as to] be intolerable in a civilized community." Tate v. Gus Genetti's Hotel and Restaurant, Inc., Civ. No. 6-322, 2006 WL 2990395 at * 2 (M.D. Pa. Oct. 18, 2006) (granting an employer's motion to dismiss an intentional infliction of emotional distress claim where the employee claimed she was fired, after returning from her honeymoon, because she was an epileptic) , quoting, Thompson v. AT&T Corp., 371 F. Supp.2d 661, 683 (W.D. Pa. 2005) and Jacques v. AKZO Int'l Salt, Inc., 422 Pa. Super. 419, 619 A.2d 748, 754 (1993) (abrogated on other grounds as recognized in Kroptavich v. Pennsylvania Power and Light Co., 795 A.2d 1048, 1055 (Pa. Super. 2002). While the discrimination and firing of Spangler may have violated the ADA and the ADEA, "it does not rise to the level that it may be termed outrageous and atrocious beyond all bounds of decency. Such a designation must be reserved only for the most egregious conduct which cannot be tolerated in a civilized society." Tate v. Gus Genetti's Hotel and Restaurant, Inc., Civ. No. 6-322, 2006 WL 2990395 at * 3 (M.D. Pa. Oct. 18, 2006).

Consequently, for any and all of these independent reasons, the Motion to Dismiss Count III is granted.

* * * * * * * * * * * * * * * * * * * *

**ORDER OF COURT**

AND NOW, this **6th** day of March, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Partial Motion to Dismiss (Docket No. 14) is granted in part and denied in part. It is granted in part insofar as Counts I (the ADA) and Count II (the ADEA) are dismissed as against the Individual Defendants and Count III (intentional infliction of emotional distress) is dismissed as against all Defendants. The Motion is denied insofar as Count I (the ADA) is not dismissed for failure to exhaust administrative remedies.

BY THE COURT:

_____

Donetta W. Ambrose,
Chief U. S. District Judge